J-S07019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY GLEN WRIGHT | |
| Appellant | No. 958 MDA 2015 |

Appeal from the PCRA Order April 30, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000193-2009

BEFORE: BOWES, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.: **FILED MAY 03, 2016**

Anthony Glen Wright appeals *pro se* from the order entered April 30, 2015, in the Court of Common Pleas of Franklin County, denying his second petition for relief pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541–9546. The PCRA court dismissed Wright's petition as untimely. Wright contends the PCRA court erred in 1) denying his petition where he established a *prima facie* showing that a miscarriage of justice occurred, when he was illegally sentenced, improperly charged and convicted; 2) concluding that it lacked jurisdiction to hear his case; 3) concluding that **Alleyne v. United States**, 133 S. Ct. 2151 (2013) (filed June 17, 2013), does not apply to his case, when the provisions of 42

_____

[*] Former Justice specially assigned to the Superior Court.

Pa.C.S. § 9718[1] have been deemed unconstitutional; 4) concluding that

*Alleyne* does not apply to his case under 42 Pa.C.S. § 9795.4[2]; and 5) not

granting a hearing to develop the record. For the following reasons, we

affirm.

The parties are well acquainted with the underlying factual and

procedural history, and, therefore, we do not recite it herein. **See** PCRA

Court Opinion, 6/19/2015, at 1–4. The PCRA Court dismissed Wright's

second PCRA petition as untimely, and this appeal followed.[3, 4]

_____

[1] Section 9718 provides mandatory minimum sentences for "offenses against infant persons." 42 Pa.C.S. § 9718.

[2] 42 Pa.C.S. § 9795.4 deals with assessment of an individual to determine if the individual should be classified as a sexually violent predator.

[3] The Franklin County Court of Common Pleas denied Wright's PCRA petition by order dated January 29, 2015, and entered on the docket on April 30, 2015. The PCRA court, in its opinion, noted that "following an investigation, this Court could not discern the reason for the delay" between the date of the January 29, 2015, order and the date of its filing. Pa.R.A.P. 1925(a) Opinion, 6/19/2015, at 4.

Following the April 30, 2015 entry of the order, Wright filed a "notice of appeal *nunc pro tunc.*" While Wright's notice of appeal was entered on the court's docket on June 4, 2015, it appears to be timely filed from the PCRA court's order denying him relief.

The thirtieth day of the 30-day appeal period fell on Saturday, May 30, 2015, and, therefore, the final day of the appeal period was Monday, June 1, 2015. **See** 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation."). **See also** Pa.R.A.P. 903 (30-day appeal period). Because Wright is incarcerated, he is entitled to the "prisoner
*(Footnote Continued Next Page)*

As a threshold matter, we must address the timeliness of the PCRA petition. Therefore, we first consider Wright's second issue regarding the jurisdiction of the court, together with his third issue regarding **Alleyne**.

As the timeliness of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014).

> [T]he timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Robinson**, 2011 PA Super 12, 12 A.3d 477 (Pa. Super. 2011). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).
>
> The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, **a petition must allege and the petitioner must prove:**

*(Footnote Continued)* ⸻

mailbox rule," which provides that a document is filed when placed in the hands of prison authorities for mailing. **Commonwealth v. Wilson**, 911 A.2d 942, 944 n.2 (Pa. Super. 2006). Wright dated his notice of appeal June 1, 2015, and the mailing envelope bears a postage stamp, stating "Inmate Mail Department of Corrections," and the date of "June 1, 2015." Therefore, Wright's appeal is considered filed on June 1, 2015, when he placed it in the prison mail. As such, we find the appeal to be timely.

[4] On June 1, 2015, Wright also filed a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which was entered on the docket on June 4, 2015.

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must present his claimed exception within sixty days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

*Commonwealth v. Brown*, 111 A.3d 171, 175–176 (Pa. Super. 2015) (emphasis in original), *appeal denied*, 125 A.3d 1197 (Pa. 2015).

In this case, the trial court sentenced Wright on June 4, 2010, and this Court affirmed the judgment of sentence on August 19, 2011. *Commonwealth v. Wright*, 32 A.3d 839 (Pa. Super. 2011) (unpublished memorandum). No petition for allowance of appeal was filed in the Pennsylvania Supreme Court. Therefore, Wright's judgment of sentence

became final on September 19, 2011,[5] when the time to file a petition for allowance of appeal expired. *See* Pa.R.A.P. 1113(a) (30-day period for filing petition for allowance of appeal from entry of Superior Court order); 42 Pa.C.S. § 9545(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). Here, because Wright filed his second PCRA petition on April 9, 2014, over two and one-half years after his sentence became final, his petition is patently untimely.

Nevertheless, Wright contends that he is entitled to PCRA relief based upon the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which held that any fact that triggers application of a mandatory minimum sentence must be determined by the fact-finder beyond a reasonable doubt.[6] *Id.* at 2162–2163. Wright argues his mandatory minimum sentencing implicates the legality of the sentence, and because an illegal sentencing cannot be waived, his claim is subject to

---

[5] Since the thirtieth day from August 19, 2011, fell on Sunday, September 18, 2011, Wright had until Monday, September 19, 2011 to file a petition for allowance of appeal to the Pennsylvania Supreme Court. *See* 1 Pa.C.S. § 1908, *supra*.

[6] *Alleyne* was decided on June 17, 2013; Wright's judgment of sentence became final on September 19, 2011.

review by the PCRA court and this Court. **See** Wright's Brief at 22. We are not persuaded by Wright's argument.

In **Commonwealth v. Fahy**, 737 A.2d 214 (Pa. Super. 1999), the Pennsylvania Supreme Court held: "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Id.** at 223. More recently, in **Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014), this Court specifically discussed the issue of the jurisdictional time limits of the PCRA with respect to an **Alleyne** claim:

> We are aware that an issue pertaining to **Alleyne** goes to the legality of the sentence. **See Commonwealth v. Newman**, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc* ) (stating, "a challenge to a sentence premised upon **Alleyne** likewise implicates the legality of the sentence and cannot be waived on appeal[ ]"). It is generally true that "this Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte.*" **Commonwealth v. Orellana**, 86 A.3d 877, 883 n. 7 (Pa. Super. 2014) (citation omitted). **However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. See Commonwealth v. Borovichka**, 18 A.3d 1242, 1254 (Pa. Super. 2011) (stating, "[a] challenge to the legality of a sentence ... may be entertained as long as the reviewing court has jurisdiction[ ]") (citation omitted). As this Court recently noted, "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised ... in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim."[**Commonwealth v.**] **Seskey**[, 86 A.3d 237, 242 (Pa. Super. 2014)].

**Id.** at 995 (emphasis added). Therefore, in this case, the PCRA court had no jurisdiction to review the illegal sentencing claim raised by Wright unless

an exception to the PCRA time-bar applied.[7]  No exception has been shown to apply here.

We agree with the PCRA court that the ***Alleyne*** decision cannot be used to establish the timeliness exception pursuant to 42 Pa.C.S. § 9545(b)(1)(iii).  Such argument was rejected in ***Miller, supra***.  The ***Miller*** Court explained:

> Even assuming that ***Alleyne*** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that ***Alleyne*** is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. ***Commonwealth v. Phillips***, 31 A.3d 317, 320 (Pa. Super. 2011), *appeal denied,* 615 Pa. 784, 42 A.3d 1059 (2012), *citing* ***Tyler v. Cain***, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001); ***see also, e.g., Commonwealth v. Taylor***, 933 A.2d 1035, 1042 (Pa. Super. 2007) (stating, "for purposes of subsection (iii), the language 'has been held by that court to apply retroactively' means the court announcing the rule must have also ruled on the retroactivity of the new

---

[7] Wright filed this second PCRA petition on April 9, 2014, within 60 days of this Court's March 14, 2014, decision that affirmed denial of relief on his first PCRA petition. [***See Commonwealth v. Wright***, 100 A.3d 308 (Pa. Super. 2014) (unpublished memorandum)].  Therefore, Wright met the requirement of 42 Pa.C.S. § 9545(b)(2) (requiring a petitioner  to present his claimed exceptions within 60 days of the date the claim first could have been presented.).  ***See Commonwealth v. Lark,*** 746 A.2d 585, 588 (Pa. 2000) (subsequent petition must be filed within 60 days of the date of the order which finally resolves the previous PCRA petition, because this is the first "date the claim could have been presented.")

constitutional right, before the petitioner can assert retroactive application of the right in a PCRA petition[ ]"), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008). Therefore, Appellant has failed to satisfy the new constitutional right exception to the time-bar.

***Miller***, 102 A.2d at 995.  Therefore, based on ***Miller***, it is clear that Wright's reliance on ***Alleyne*** to satisfy the timeliness exception of section 9545(b)(1)(iii) is misplaced.

Furthermore, we reject Wright's claim that court rules, Pa.R.Crim.P. 576(a)(4), 904(f)(2), and Pa.R.A.P. 3304, amount to governmental interference with the presentation of his claim, thereby establishing the exception set forth at 42 Pa.C.S. § 9545(b)(1)(i).  Wright maintains first PCRA counsel neglected to raise prior counsel's ineffectiveness for failing to challenge the legality of his sentence, when Wright alerted first PCRA counsel he had this potential claim.  ***See*** Wright's Brief at 18–19. Wright contends he could not raise the ineffectiveness of first PCRA counsel prior to his second PCRA petition "because a court will not address *pro se* filings from a person who is represented by counsel."  Wright's Brief at 17.  We cannot accept Wright's argument that procedural rules of court promulgated by the Pennsylvania Supreme Court may constitute governmental interference.[8]

---

[8] We recognize that a claim of PCRA counsel ineffectiveness cannot be leveled for the first time on appeal; however, a petitioner in Wright's position may raise first PCRA counsel's ineffectiveness in the PCRA court, as follows:

*(Footnote Continued Next Page)*

*See Commonwealth v. Howard*, 788 A.2d 351, 354 (Pa. 2002) (stating "[w]e do not see how a proper court order can, in any fashion, be perceived as governmental interference").

In addition, Wright cannot satisfy the "unknown facts" exception, section 9545(b)(1)(ii), based upon his claim of first PCRA counsel's ineffectiveness. The Pennsylvania Supreme Court has held that claims of ineffectiveness do not operate as an independent exception to the one-year jurisdictional time bar of the PCRA. *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000) (holding claim that PCRA counsel's ineffectiveness was after-discovered fact will not establish jurisdiction under section 9545(b)(1)(ii)); *see also Commonwealth v. Breakiron*, 781 A.2d 94, 97 (Pa. 2001).

In his brief, Wright cites *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007), in support of his argument that his claim satisfies section 9545(b)(1)(ii). *See* Wright's Brief at 23–24. In *Bennett*, the Pennsylvania

*(Footnote Continued)* ————————

> While difficult, the filing of a subsequent timely PCRA petition is possible, and in situations where an exception pursuant to § 9545(b)(1)(i-iii) can be established a second petition filed beyond the one year time bar may be pursued. Moreover, if an appellant remains adamant that the claims foregone by counsel provide the better chance for success, he can avoid the potential loss of those claims by timely exercising his desire to self-represent or retain private counsel prior to the appeal.

*Commonwealth v. Jette*, 23 A.3d 1032, 1044 n.14 (Pa. 2011). *See also Commonwealth v. Henkel*, 90 A.3d 16 (Pa. Super. 2014) (*en banc*).

Supreme Court determined that counsel's failure to file an appellate brief and perfect the appeal, which resulted in this Court's dismissal of the appeal, constituted abandonment as it was "the functional equivalent of having no counsel at all." *Id.* at 1273. Our Supreme Court further concluded that counsel's abandonment could serve as a newly discovered fact, as

> allowing such claims to go forward would not eviscerate the time requirements crafted by the Legislature [in the PCRA]. Rather, subsection (b)(1)(ii) is a limited extension of the one-year time requirement under circumstances when a petitioner has not had the review to which he was entitled due to a circumstance that was beyond his control.

*Id*. In so holding, the Court distinguished Bennett's claim of counsel's abandonment from those claims of ineffectiveness that "narrowed the ambit of appellate review," and could not fall within the purview of section 9545(b)(1)(ii). *Id.* at 1273.

In this case, first PCRA counsel did not abandon Wright on appeal. To the contrary, first PCRA counsel filed an appeal and a brief on behalf of Wright following the denial of PCRA relief on his first PCRA petition. Therefore, ***Gamboa-Taylor***, not ***Bennett***, applies, and, consequently, Wright's claim regarding first PCRA counsel's defective representation fails to satisfy the "unknown facts" exception to the PCRA's timeliness requirements.

We also note that ***Alleyne***, a judicial decision, is not a "fact" that satisfies 42 Pa.C.S. § 9545(b)(1)(ii). "Our Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)."

***Commonwealth v. Cintora***, 69 A.3d 759, 763 (Pa. Super. 2013). ***See also Commonwealth v. Watts***, 23 A.3d 980, 987 (Pa. 2011) (judicial decision does not qualify as an exception under section 9545(b)(1)(ii)).

In sum, we conclude that the PCRA court did not err in denying PCRA relief, as Wright's present petition is untimely and he has failed to prove that any statutory exception to the PCRA's time bar applies so as to permit review of the merits of his claims.[9]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2016

---

[9] In light of our disposition, we do not address the other issues raised by Wright in this appeal.